JiLEON A. CANNIZZARO, JR., Judge.
This is an appeal from a judgment in an automobile accident case assessing fault against the driver of one of the vehicles. That driver and his insurance company now appeal.

FACTS AND PROCEDURAL HISTORY

On June 21, 2000, a Buick Skylark driven by Cynthia Joseph and a Toyota Tercel driven by Gregory Jourdan were involved in an accident at the intersection of Morrison Avenue and Read Boulevard in New Orleans, Louisiana. Both vehicles were damaged, and Ms. Joseph and the passengers in both vehicles suffered personal injuries in the accident.
Following the accident several lawsuits were filed. Ms. Joseph filed suit against Mr. Jourdan and his insurer, Progressive Security Insurance Company (“Progressive”). Kevin Kirklin, a passenger in Ms. Joseph’s car, filed suit against Ms. Joseph and Mr. Jourdan and their respective insurers, State Farm Mutual Automobile Insurance Company (“State Farm”) and Progressive. Mr. Jourdan, on behalf of his minor son, Tevin Jourdan, and Khaisha Batiste, a passenger in Mr. 12Jourdan’s car, filed suit against Ms. Joseph and State Farm for injuries sustained by Ms. Batiste and the child. State Farm filed a cross claim against Mr. Jourdan and Progressive seeking recovery of amounts paid because of the damage to Ms. Joseph’s vehicle. All of the lawsuits were consolidated for trial purposes, and the claim of Tevin Jourdan, Mr. Jourdan’s minor child, was settled with State Farm prior to trial.
On June 3, 2002, the consolidated cases were tried. On July 3, 2002, the trial court rendered a Judgment in favor of Ms. Joseph against Mr. Jourdan and Progressive and in favor of Mr. Kirklin, Ms. Batiste[1], and Mr. Jourdan, on behalf of his minor child, Tevin Jourdan, against Progressive. The Judgment was also in favor of State Farm against Progressive on State Farm’s cross claim. On July 11, 2002, the trial court rendered an Amended Judgment[2] reflecting that Mr. Jourdan and Progressive were solidarily liable to Ms. Joseph only up to the limits of liability on the insurance policy issued to Mr. Jourdan by Progressive. The Amended Judgment also reflected that Progressive was liable to Mr. Kirklin, Ms. Batiste, and Mr. Jour-dan, on behalf of his minor child, only up to such limits.
In her Reasons for Judgment, the trial court stated that based on the location of the damage to both vehicles involved in the accident, the accident could not have happened in the way that Mr. Jourdan testified that it did. The trial court found that Mr. Jourdan failed to keep a proper lookout for indications that Ms. |sJoseph’s vehicle was turning. The trial court further determined that Mr. Jourdan’s failure to keep a proper lookout and his failure to keep his vehicle under proper control were the sole causes of the accident. Finally, the trial court also found that there was no evidence that Ms. Joseph was not driving in accordance with her rights.
On July 30, 2002, Progressive and Mr. Jourdan filed a Motion for Suspensive Ap *407 peal. No other parties appealed the trial court’s decision.

STANDARD OF REVIEW

In Harvey v. Cole, 2000-1849 (La.App. 4th Cir.1/23/02), 808 So.2d 771, this Court stated:
The standard of appellate review of a trial court’s findings of facts was enunciated in Mistich v. Volkswagen of Germany, Inc., 95-0939, pp. 4-5 (La.1/29/96), 666 So.2d 1073, 1077, as follows:
It is a well settled principle that an appellate court may not set aside a trial court’s finding of fact unless it is clearly wrong. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Where two permissible views of the evidence exist, the factfinder’s choice between them cannot be manifestly wrong. Rosell, supra at 845; Watson v. State Farm Fire & Casualty Ins. Co., 469 So.2d 967 (La.1985); Arceneaux, supra at 1333. Where the factfinder’s conclusions are based on determinations regarding credibility of the witnesses, the manifest error standard demands great deference to the trier of fact, because only the trier of fact can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said. Rosell, supra at 844. The reviewing court must always keep in mind that if a trier of fact’s findings are reasonable in light of the |4record reviewed in its entirety, the court of appeal may not reverse even if convinced that if it had been sitting as trier of fact, it would have weighed the evidence differently. Stobart v. State, Through DODT, 617 So.2d 880 (La.1993); Housley v. Cerise, 579 So.2d 973 (La.1991); Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106 (La.1990).
For the reviewing court, the issue to be resolved is not whether the trier of fact was wrong but whether the factfin-der’s conclusions were reasonable. Stobart, supra at 883; Theriot v. Lasseigne, 640 So.2d 1305 (La.1994). Id. at 2-3 and at 775-76.
Therefore, applying the standard of review discussed above, unless this Court finds that the trial court’s factual findings were clearly erroneous, the trial court’s judgment should be affirmed.

DISCUSSION

The issue presented on appeal is whether the trial court properly determined that Mr. Jourdan was solely at fault in the accident with Ms. Joseph. Mr. Jourdan and Progressive contend that some portion of fault should have been allocated to Ms. Joseph.
Mr. Jourdan testified at trial that just prior to the accident he had come to a complete stop in his vehicle on Morrison Avenue two to three feet from the left curb. He stated that he first saw Ms. Joseph’s vehicle to his right and a little behind his vehicle. Mr. Jourdan further testified that when he accelerated to proceed straight through the intersection of Read Boulevard and Morrison Avenue, Ms. Joseph made a left hand turn directly in front of him, causing the vehicles to collide.
Ms. Joseph’s testimony at trial was contradictory to Mr. Jourdan’s testimony. Ms. Joseph stated that when she approached the intersection of Morrison Avenue and Read Boulevard, she came to a *408 complete stop, because the ^traffic signal was red. She testified that there were no cars in front of her, but there was a car to the right of her. After the light turned green, Ms. Joseph began to proceed through the intersection in anticipation of making a left turn onto Read Boulevard. She stated that her left turn signal light was on and that she stayed entirely in the left lane while proceeding with the turn. Ms. Joseph testified that she did not see Mr. Jourdan’s vehicle before the collision. The testimony of Mr. Kirklin, the passenger in Ms. Joseph’s vehicle, corroborated her testimony.
In her Reasons for Judgment the trial court stated that Mr. Jourdan violated La. R.S. 32:73, which provides in pertinent part:
Except when overtaking and passing on the right is permitted, the driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance, and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle.
Mr. Jourdan had attempted to pass Ms. Joseph’s vehicle on the left, where there was no additional lane of travel, while she was making a left turn. Mr. Jourdan’s failure to comply with the requirements of La. R.S. 32:73 is what the trial court found to be the cause of the accident.
The trial court based her assessment of Mr. Jourdan’s fault on the testimony and the evidence produced at trial. The testimony of Mr. Jourdan and Ms. Joseph was in agreement regarding the location of the damage to their vehicles. Based on this testimony, the trial court found that Mr. Jourdan’s testimony regarding the way in which the accident occurred was completely discredited. The location of the damage precluded a finding that Mr. Jourdan’s testimony regarding the accident was correct.
The trial court believed the testimony of Ms. Joseph as to the facts with respect to how the accident occurred. Therefore, the trial court concluded that Mr. |fJour dan was at fault due to his negligence and that Ms. Joseph was not at fault and was driving properly when the accident occurred.

CONCLUSION

Based on our review of the entire record, we find that the trial court’s findings of fact comport with the evidence and the testimony presented at trial. We find nothing in the record to indicate that the trial court’s findings of fact were not correct. Therefore, the judgment of the trial court, as it was amended, is affirmed.
AFFIRMED.

. Ms. Batiste is referred to in the Judgment as Khaisha Butler.

. Although the Judgment was not amended pursuant to a motion for a new trial or a motion consenting to the change, the change merely states what is a matter of law, and the insurance policy showing the policy limits was introduced in evidence at trial. Therefore, we find that the Amended Judgment alters the phraseology of the Judgment but not the substance and could be made on the trials court's own motion. La. C.C.P. art. 1951.